SCANNED

RECEIVED

UNITED STATES DISTRICT COURT,   RECEIVED
SOUTHERN DISTRICT OF NEW YORK   DOCKET UNIT

2017 MAR 13   P SDNY

U S DISTRICT COURT SDNY   2017 MAR 15   AM 11: 00

RAMON I. MEJIA

_____

Write the full name of each plaintiff.

16 CV 9706

(Include case number if one has been
assigned)

-against-

~~Lt MacDonough, s/w Miss
Davis, p/o Madeline Cruz,
p/o Mildred Rodriguez,
Mark A. Scher, M.D.~~

Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

AMENDED
COMPLAINT

Do you want a jury trial?
☑ Yes   ☐ No

(6 Hw)

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: 17
DATE FILED: 3-15-17

Rev. 1/9/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☑   **Federal Question**

☐   **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

42 USC 1983, Fourth, Fifth, Sixth, Fourteenth Amendments to the United States Constitution

and Pendant State Claims

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of

(Plaintiff's name)

_____

(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

## Civil case(s) filed in the Southern District of New York:

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____

_____
Name (Last, First, MI)

_____
Address                City                State            Zip Code

_____
Telephone Number                    E-mail Address

_____
Date                        Signature

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
(Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

RAMÓN          ISIDRO     MEJÍA
First Name          Middle Initial          Last Name

3025 GODWIN TERRACE, APT 5F, BRONX
Street Address

N.Y.C, N.Y.S                  N.Y.S          10463-5351
County, City                        State          Zip Code

(646) 806-6194          X _____
Telephone Number          Email Address (if available)

Page 3

**B.   Defendant Information**

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:   MACDONOUGh
First Name                         Last Name

Lieutenant (NYPD)
Current Job Title (or other identifying information)

50th Precinct 3450 KingsBridge
Current Work Address (or other address where defendant may be served)

Avenue, Bronx NYC NYS 10463-4004
County, City                State              Zip Code

Defendant 2:   DANIE (CPMC)
First Name                         Last Name

SOCIAL WORKER
Current Job Title (or other identifying information)

NEW YORK PRESByterian, Columbia, U.
Current Work Address (or other address where defendant may be served)

MEDICAL Center, 622 W 168th St NYC, NYS 10032
County, City                State              Zip Code

Defendant 3:   MADELINE  CRUZ
First Name                         Last Name

POLICE OFFICER
Current Job Title (or other identifying information)

50th PCNT. 3450 KINGSBRidge AVENUE,
Current Work Address (or other address where defendant may be served)

BRONX, N.Y.C NY.S 10463-4004
County, City                State              Zip Code

Defendant 4: _MILDRED RODRIGUEZ_
First Name          Last Name

See attached for
additional defendants.

_POLICE OFFICER_
Current Job Title (or other identifying information)

_50TH PCINCT: 3450 KINGSBRIDGE AVENUE_
Current Work Address (or other address where defendant may be served)

_BRONX NYC        N.Y.S        10463-4004_
County, City          State          Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _3025 GODWIN TERRACE, #5F BRONX NYC 10463_
_AND, NORTH-CENTRAL BRONX HOSPITAL, 3424 KOSSUTH_
_AVENUE, BRONX, NYC, N.Y.S 10467:_

Date(s) of occurrence: _SEPT 10TH, 2015; THRUOGH SEPT 16TH, 2015_

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were
harmed, and what each defendant personally did or failed to do that harmed you. Attach
additional pages if needed.

_B: DEFENDANT INFO: #5_
_MARK A. SCHER_
_JOBTITTLE = DOCTOR OF MEDICINE = MD_
_WORK ADDRESS: NORTH-CENTRAL-BRONX-HOSPITOL_
_3424 KOSSUTH AVENUE, BRONX, NYC: NY.S_
_10467:_

_III FACTS: SEE ATTACHED._

Page 5

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

INJURIES TO MY RIGHT foot, THE BACK-TRYING to KEEP FROM PLUNGING DOWN the Stairs Due to AGGRESSIVE Pushing & shoving BY FEMALE P/O's CRUZ & Rodriguez. Treated By Podiatrist NEED Sleep Disorder Treatment to EXACERBATE the NIGHTMARES DUE TO ACTIONS BY POLICE OFFICER AND PARANOID ANXIETY AT SIGHT OF P/O's IN PUBLIC AREAS.

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

I WANT substantial amounts — — — To Compensate & ADDRESS the Callous Actions uncalled For in the Behavior of these Authoritative INDividuals. Compensatory & punitive Damages of $100,000,000. total.

Page 6

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| 03/12/2017 | Ramón Isidro Mejía |
| Dated | Plaintiff's Signature |

RAMON _____ ISIDRO _____ MEJIA
First Name        Middle Initial        Last Name

3025 GODWIN TERRACE, APT. 5F, BRONX
Street Address

BRONX, N.Y.C _____ N.Y.S _____ 10463-5351
County, City        State        Zip Code

(646) 806-6194 _____ X?
Telephone Number        Email Address (if available)

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:
☐ Yes   ☐ No

> If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

Page 7



**United States District Court**
**Southern District of New York**

## Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;

2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

### IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;

2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3. This service does *not* allow you to electronically file your documents;

4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

500 PEARL STREET | NEW YORK, NY  10007
300 QUARROPAS STREET | WHITE PLAINS, NY  10601

PRO SE INTAKE UNIT: 212-805-0175

rev. 2/9/15

Additional Defendants:

5. Lieutenant Macdonough

6. Police Officer Madeline Cruz

7. Police Officer Mildred Rodriguez

8. JOHN DOE EMERGENCY MEDICAL TECHNICIAN # 1 and 2

9. JOHN DOE Nurses #1-5

10. Mark A. Schear, MD

11. North Central Bronx Hospital

12. JOHN DOE DOCTOR #1

1

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify)*:


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.


Date: _____          _____
                                                    *Server's signature*

                                         _____
                                                    *Printed name and title*

                                         _____
                                                    *Server's address*

Additional information regarding attempted service, etc:

1. PLAINTIFF is RAMON MEJIA, a 65 old male of Latino and Caribbean Indian descent.

2. PLAINTIFF resides at 3025-27 Goodwin Terrace, Apt 5F, Bronx NY 10463.

3. On or about, on September 10, 2015, at approximately 9:30 am, PLAINTIFF was residing in his apartment committing no visible crime. PLAINTIFF was not threatening anyone, physically attacking anyone, or causing any disturbance of any kind. PLAINTIFF was well groomed, clothed, and appeared in good physical health.

4. A woman named Ms. DAVIS came to PLAINTIFF's apartment and identified herself as a social worker from Columbia Presbyterian Hospital Ms. DAVIS and JOHN DOE MALE ESCORT unknown to PLAINTIFF about 6 feet 2 inches in height knocked on PLAINTIFF's apartment door. They asked to inspect PLAINTIFF's apartment for housing code violations. PLAINTIFF invited them in. While they were inside the apartment, Ms. DAVIS was dismissive of PLAINTIFF's housing problems. PLAINTIIFF told Ms. DAVIS and her partner to leave and never come back. They left. PLAINTIFF never threatened Ms. DAVIS or the male escort. PLAINTIFF never yelled at Ms. DAVIS or the male escort. PLAINTIFF never physically assaulted Ms. DAVIS or the male escort.

5. Upon Plaintiff's information and belief, based on a conversation with Plaintiff's sister and neighbor, Ms. Davis and JOHN DOE MALE ESCORT, called the police. Nothing that they told the police would have justified the police coming to Plaintiff's apartment. Because Plaintiff had not engaged in any behavior to justify the police coming to the apartment, they could not have said anything truthful to the police that would have justified the police coming to Plaintiff's apartment. If she did tell the police something that would have justified them coming to Plaintiff's apartment, it would have been false.

2

6. Approximately 15 minutes later, JOHN DOE POLICE OFFICERS #1-13 began banging on PLAINTIFF's door demanding to talk to PLAINTIFF. They demanded that PLAINTIFF stand directly behind PLAINTIFF's closed front door. PLAINTIFF refused.

7. PLAINTIFF heard a loud noise, and then something was used on the outside of the door to blow the peephole into the apartment. The peephole object ricocheted around the apartment. An open hole was left where the peephole object was previously.

8. From PLAINTIFF's vantage point, PLAINTIFF could see red dots on the wall opposite the door that appeared to be from a laser sight on a gun.

9. PLAINTIFF asked JOHN DOE POLICE OFFICERS #1-13, who was in charge. JOHN DOE POLICE OFFICERS #1-13 responded that Lt. McDONOUGH was present and in charge.

10. PLAINTIFF never opened the door. PLAINTIFF never consented to the police coming into the apartment. PLAINTIFF never threatened anyone. PLAINTIFF never committed any visible crime while inside his apartment. PLAINTIFF never caused any disturbance of any kind inside his apartment.

11. After approximately one hour of causing a disturbance at PLAINTIFF's door, JOHN DOE POLICE OFFICERS #1-13 and Lt. McDONOUGH broke down PLAINTIFF's door and entered his apartment in full riot gear without his consent, without a warrant, without probable cause, and without exigent circumstances.

12. One of JOHN DOE POLICE OFFICERS #1-13 in full riot gear, who was tall and large, put handcuffs on PLAINTIFF and then pushed PLAINTIFF out the door. No explanation was provided to PLANTIFF. Because PLAINTIFF was handcuffed, and had an injured foot, PLAINTIFF had a hard time going down the stairs. PLAINTIFF was in a great deal of danger falling down the stairs.

3

13. PLAINTIFF was pushed very roughly by POLICE OFFICER's MADELINE CRUZ and MILDRED RODRIGUEZ on his way down the stairs causing PLAINTIFF to stumble and lose balance. PLAINTIFF asked CRUZ and RODRIGUEZ to please stop pushing very roughly. PLAINTIFF continued to stumble as CRUZ and RODRIGUEZ continued to push PLAINTIFF down the stairs. PLAINTIFF's right foot was injured while stumbling down the 6 flights of stairs. PLAINTIFF continues to experience pain in that right foot to the present. When PLAINTIFF tries to put his full weight on the foot PLAINTIFF feels pain.

14. The police officers took PLAINTIFF to an ambulance outside. Once PLAINTIFF was placed in to an ambulance JOHN DOE EMERGENCY MEDICAL TECHNICIAN # 1 and 2, transported PLAINTFF to NORTH CENTRAL BRONX HOSPITAL along with a uniformed POLICE OFFICER. At the hospital, police were everywhere.

15. At no point prior to arriving at the hospital did PLAINTIFF threaten himself or another person. At no point during the entirety of this interaction did PLAINTIFF verbally or physically threaten, intimidate, or frighten another person or himself, nor did he attempt to do any of those actions.

16. Once arriving at the hospital, PLAINTIFF was taken to the Psychiatric Unit on the 13th floor. In that unit, PLAINTIFF was un-uncuffed, but informed that he was not free to leave. Once at the hospital, Plaintiff never engaged in any threatening or dangerous behavior directed at himself or others. Plaintiff was well-groomed, appeared physically healthy, and appropriately clothed. PLAINTIFF was favoring his right foot due to the injury on the staircase in the apartment building.

17. The ambulance took PLAINTIFF to North Central Bronx Hospital. Upon entering the hospital, staff asked PLAINTIFF basic questions that included his name, address and date of

birth and recorded the information on a computer. PLAINTIFF answered all questions that were

asked. No medical questions were asked of plaintiff. PLAINTIFF was not asked if he was

injured. PLAINTIFF was not asked if he was allergic to anything.  PLAINTIFF was not asked

why he was at the hospital. Another staff member asked PLAINTIFF to remove all his property

from his pockets and person and logged the items on a form by hand.  PLAINTIFF was then

taken to the 13th floor of the hospital.  While moving through the hospital PLAINTIFF noticed

many armed uniformed police officers.  PLAINTIFF realized this was not a regular hospital.

Hospital staff told PLAINTIFF to sit in area on the 13th Floor while his room was being

prepared.  Despite their failure to perform an independent assessment, the JOHN DOE DOCTOR

#1 ordered PLAINTIFF forcibly hospitalized. PLAINTIFF was not free to leave.

18.  PLAINTIFF saw the doors had code systems on them that employees entered to

leave and enter areas.

19. PLAINTIFF was afraid to try and leave, and was involuntarily committed and

imprisoned at the hospital. At no point prior to being involuntarily committed did he threaten

himself or another person. At no point did PLAINTIFF verbally or physically threaten,

intimidate, or frighten another person, nor did he attempt to do any of those actions.

20. PLAINTIFF remained at the hospital from September 10, 2015 until September 16,

2015.  PLAINTIFF was forcibly hospitalized for a total of 6 days and a few hours.

21.  Not long after arrival, Dr. MARK A. SCHEAR ordered that PLAINTIFF be

medicated.  Dr. MARK A. SCHEAR did not perform an independent evaluation. No hospital

staff performed a medical evaluation of PLAINTIFF.  PLAINTIFF did not consent to taking the

medication. The medication that was forcibly injected into PLAINTIFF was Risperdal. Despite

PLAINTIFF's stated objection to taking the medication, he was held down by JOHN DOE

5

POLICE OFFICER #14, JOHN DOE NURSE #1 and other hospital staff. A nurse forcibly inserted a needle into PLAINTIFF's arm and pushed a plunger connected to that needle, injecting Risperdal, a medication, into PLAINTIFF's body over PLAINTIFF's objection.

22. Every time PLAINTIFF passed by the attending nurses station, he asked to be released from the hospital. That request was denied. PLAINTIFF passed by the attending nurses station multiple times a day. PLAINTIFF was told that only the in house psychologist was authorized to release him or Dr. MARK A. SCHEAR. PLAINTIFF was not told of any other way to be released from the hospital.

23. While in the hospital, JOHN DOE ORDERLY #1 would regularly tell PLAINTIFF that he had to take pills prescribed by Dr. MARK A. SCHEAR. PLAINTIFF was not given the option to refuse to take the medication, and he was forced to take it. JOHN DOE NURSE # 5 would tell PLAINTIFF that if he did not take the pills she would report it to her supervisor and the supervisor would send the Male and Female Nurses to return and physically force PLAINTIFF to take the pills.

24. On September 16, 2015, PLAINTIFF was released from the hospital to the care of his two sisters Sandra Mejia and Marina Mejia.

25. At no point while PLAINTIFF was at the hospital did he threaten himself or another person. At no point during the entirety of this interaction did PLAINTIFF verbally or physically threaten, intimidate, or frighten another person, nor did he attempt to do any of those actions. At no point did PLAINTIFF threaten or engage in self-harm. PLAINTIFF was always well-groomed and while at the hospital. At no point did Plaintiff consent to being in the hospital.

26. From September 10, 2015 until September 16, 2015. PLAINTIFF was never an imminent danger to himself or others. Even if he was a danger to himself or others, forced

6

hospitalization would not have been the least restrictive alternative for dealing with PLAINTIFF's condition.

27. The entirety of PLAINTIFFs forced hospitalization, forced medication through needles and pills, and invasive testing (blood draws), lacked any medical or safety justification. PLAINTIFF had never been forcibly hospitalized or voluntarily hospitalized for mental health treatment prior to this occurrence.

28. PLAINTIFF is disabled. PLANTIFF's disability is due to an injury on the job when employed by the New York Transit Authority.

29. PLAINTIFF filed a timely notice of claim with the New York City Comptroller's Office.

## Prayer for Relief

30. Wherefore, Plaintiff prays that the Court grants such relief as may be appropriate including injunctive orders and damages, and cost as follows:

   a. A judgment directing Defendants to make Plaintiff whole for the loss of his property in the amount of _____ dollars.

   b. A judgment directing Defendants to make Plaintiff whole with compensatory damages for mental anguish, loss of dignity, humiliation, harm to reputation, and pain and suffering, emotional trauma, and denial of civil rights in the amount of $100,000,000 dollars. ALL TOLD-TOTAL, A-D, inclusive.

   c. A judgment awarding Plaintiff punitive damages.

   d. An award of prejudgment interest, costs, and attorneys' fees.

31. Such other relief that the court may deem just and proper.

2017 MAR 13 P 5:18

U S DISTRICT COURT SDNY

From: Ramón & Me Sia
3025 Godwin Terrace
Apt 5F Bronx NYC, N.Y.S
10463-5351

To: Pro Prod Unit
Pro se Unit
Room 200,
N.Y.Y 10067

RECEIVED
SDNY DOCKET UNIT#
2017 MAR 15  AM 11:01

USM15W
SDNY



**PRIORITY MAIL**

UNITED STATES POSTAL SERVICE

Flat Rate Mailing Envelope

*Visit us at usps.com*







UNITED STATES POSTAL SERVICE

**PRIORITY MAIL**

Visit us at usps.com

Flat Rate Mailing Envelope

From: Ramón + ME Jir
3025 God Win Terrace
Apt 5F, Bronx NYC, N.Y.'s
10063-5351

to: Boo Pond Shut
Prose unit
Room 200,
N.Y., N.Y 10007

RECEIVED
SDNY DOCKET UNIT
2017 MAR 15  AM 11:01

USMS
SDNY

U.S. DISTRICT COURT SDNY