UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RECEIVED
2017 APR -6 P 5:39
US DISTRICT COURT SDNY

RAMON I. MEJIA

_Write the full name of each plaintiff._

16 CV 9706 -(GHW)
(Include case number if one has been assigned)

-against-

**SECOND AMENDED COMPLAINT**

MISS DAVIS, JOHN DOE ~~MALE~~ ESCORT, JOHN DOE POLICE OFFICERS #1-14, NEW YORK PRESBYTERIAN/COLUMBIA MEDICAL CENTER, NEW YORK CITY, LT MCDONOUGH, POLICE OFFICER, MADELINE CRUZ, P/O MILDRED RODRIGUEZ, JOHN DOE EMERGENCY MEDICAL TECHNICIAN #1 & 2, NORTH CENTRAL BRONX HOSPITAL, NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, JOHN DOE DOCTOR #1, MARK A. SCHEAR, M.D, JOHN DOE NURSES #1-5, JOHN DOE ORDERLY #1!

Do you want a jury trial? ☑ Yes ☐ No

_Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II._

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

RECEIVED
SDNY DOCKET UNIT
2017 APR -7 AM 10:

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/6/17

I. BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☒ Federal Question

☐ Diversity of Citizenship

A. If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

42 USC 1983, Fourth, Fifth, Sixth, Fourteenth Amendments to the United States Constitution and Pendant State Claims

B. If you checked Diversity of Citizenship

   1. Citizenship of the parties

Of what State is each party a citizen?

The plaintiff, _____ , is a citizen of the State of
                      (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
(Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

RAMON   ESIDRO   MEJIA
First Name   Middle Initial   Last Name

3025 GODWIN TERRACE, APT #5F
Street Address

BRONX, NYC   N.Y.S   10463-5351
County, City   State   Zip Code

(646) 806-6194
Telephone Number   Email Address (if available)

B. **Defendant Information**

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: — MISS DAVIS
First Name / Last Name
SOCIAL WORKER
Current Job Title (or other identifying information)
NEW YORK PRESBYTERIAN COLUMBIA,
Current Work Address (or other address where defendant may be served)
MEDICAL CENTER, 622 W 168TH ST. N.Y.C, N.Y.S
County, City / State / Zip Code
10032

Defendant 2: JOHN DOE MALE ESCORT
First Name / Last Name
MALE ESCORT/SOCIAL WORKER
Current Job Title (or other identifying information)
NEW YORK PRESBYTERIAN COLUMBIA, U.S.A
Current Work Address (or other address where defendant may be served)
MEDICAL CENTER, 622 W 168TH ST. N.Y.C, N.Y.S
County, City / State / Zip Code
10032

Defendant 3: JOHN DOE POLICE OFFICERS
First Name / Last Name          (1-14)
POLICE OFFICERS
Current Job Title (or other identifying information)
50th PRCNCT, 3450 KINGSBRIDGE AVENUE
Current Work Address (or other address where defendant may be served)
BRONX, N.Y.C          N.Y.S          10463-4004
County, City / State / Zip Code

Defendant 4: NEW YORK/PRESBYTERIAN - COLUMBIA
First Name / Last Name

See attached for additional defendants.

UNIVERSITY MEDICAL CENTER AT
Current Job Title (or other identifying information)

622 W 168TH STREET, NEW YORK, NEW
Current Work Address (or other address where defendant may be served)

YORK 10032
County, City        State        Zip Code

### III. STATEMENT OF CLAIM

Place(s) of occurrence: 3075 GODWIN TERRACE, APT #5F, AN 3424 KOSSUTH AVE, BRONX 10467, AN

Date(s) of occurrence: _____

### FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

SEE ATTACHED

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

Injuries to my right foot, the back, trying to keep from plunging down the stairs due to aggressive pushing & shoving by female P/O's Cruz & Rodriguez. Treated by podiatrist. Need sleep disorder treatment to exacerbate the nightmares due to actions by police officers and paranoid anxiety at sight of P/O's in public areas.

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

I want substantial amounts to compensate & address the callous actions uncalled for in the behavior of these authoritative individuals. Compensatory & punitive damages of $100,000,000. total.

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| 03/24/17 | Ramon J Mejia |
| Dated | Plaintiff's Signature |

| Ramon | Isidro | Mejia |
|---|---|---|
| First Name | Middle Initial | Last Name |

3025 Godwin Terrace, Apt #5F
Street Address

| Bronx, NYC | N.Y.S | 10463-5351 |
|---|---|---|
| County, City | State | Zip Code |

(646) 806-6194
Telephone Number                Email Address (if available)

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:
☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.


Additional Defendants:

5. New York City

6. Lt. McDonough

7. Police Officer Madeline Cruz

8. Police Officer Mildred Rodriguez

9. JOHN DOE EMERGENCY MEDICAL TECHNICIAN # 1 and 2

10. North Central Bronx Hospital, New York City Health and Hospitals Corporation

11. JOHN DOE DOCTOR #1

12. Mark A. Schear, MD

13. JOHN DOE Nurses #1-5

14. JOHN DOE Orderly #1

1. PLAINTIFF is RAMON MEJIA, a 65 old male of Latino and Caribbean Indian descent.

2. PLAINTIFF resides at 3025-27 Goodwin Terrace, Apt 5F, Bronx NY 10463.

3. On or about, on September 10, 2015, at approximately 9:30 am, PLAINTIFF was residing in his apartment committing no visible crime. PLAINTIFF was not threatening anyone, physically attacking anyone, or causing any disturbance of any kind. PLAINTIFF was well groomed, clothed, and appeared in good physical health.

4. A woman named Ms. DAVIS came to PLAINTIFF's apartment and identified herself as a social worker from Columbia Presbyterian Hospital Ms. DAVIS and JOHN DOE MALE ESCORT unknown to PLAINTIFF about 6 feet 2 inches in height knocked on PLAINTIFF's apartment door. They asked to inspect PLAINTIFF's apartment for housing code violations. PLAINTIFF invited them in. While they were inside the apartment, Ms. DAVIS was dismissive of PLAINTIFF's housing problems. PLAINTIIFF told Ms. DAVIS and her partner to leave and never come back. They left. PLAINTIFF never threatened Ms. DAVIS or the male escort. PLAINTIFF never yelled at Ms. DAVIS or the male escort. PLAINTIFF never physically assaulted Ms. DAVIS or the male escort.

5. Upon Plaintiff's information and belief, based on a conversation with Plaintiff's sister and neighbor, Ms. Davis and JOHN DOE MALE ESCORT, called the police. Nothing that they told the police would have justified the police coming to Plaintiff's apartment. Because Plaintiff had not engaged in any behavior to justify the police coming to the apartment, they could not have said anything truthful to the police that would have justified the police coming to Plaintiff's apartment. If she did tell the police something that would have justified them coming to Plaintiff's apartment, it would have been false.

2

6. Approximately 15 minutes later, JOHN DOE POLICE OFFICERS #1-13 began banging on PLAINTIFF's door demanding to talk to PLAINTIFF. They demanded that PLAINTIFF stand directly behind PLAINTIFF's closed front door. PLAINTIFF refused.

7. PLAINTIFF heard a loud noise, and then something was used on the outside of the door to blow the peephole into the apartment. The peephole object ricocheted around the apartment. An open hole was left where the peephole object was previously.

8. From PLAINTIFF's vantage point, PLAINTIFF could see red dots on the wall opposite the door that appeared to be from a laser sight on a gun.

9. PLAINTIFF asked JOHN DOE POLICE OFFICERS #1-13, who was in charge. JOHN DOE POLICE OFFICERS #1-13 responded that Lt. McDONOUGH was present and in charge.

10. PLAINTIFF never opened the door. PLAINTIFF never consented to the police coming into the apartment. PLAINTIFF never threatened anyone. PLAINTIFF never committed any visible crime while inside his apartment. PLAINTIFF never caused any disturbance of any kind inside his apartment.

11. After approximately one hour of causing a disturbance at PLAINTIFF's door, JOHN DOE POLICE OFFICERS #1-13 and Lt. McDONOUGH broke down PLAINTIFF's door and entered his apartment in full riot gear without his consent, without a warrant, without probable cause, and without exigent circumstances.

12. One of JOHN DOE POLICE OFFICERS #1-13 in full riot gear, who was tall and large, put handcuffs on PLAINTIFF and then pushed PLAINTIFF out the door. No explanation was provided to PLANTIFF. Because PLAINTIFF was handcuffed, and had an injured foot, PLAINTIFF had a hard time going down the stairs. PLAINTIFF was in a great deal of danger falling down the stairs.

13. PLAINTIFF was pushed very roughly by POLICE OFFICER's MADELINE CRUZ and MILDRED RODRIGUEZ on his way down the stairs causing PLAINTIFF to stumble and lose balance. PLAINTIFF asked CRUZ and RODRIGUEZ to please stop pushing very roughly. PLAINTIFF continued to stumble as CRUZ and RODRIGUEZ continued to push PLAINTIFF down the stairs. PLAINTIFF's right foot was injured while stumbling down the 6 flights of stairs. PLAINTIFF continues to experience pain in that right foot to the present. When PLAINTIFF tries to put his full weight on the foot PLAINTIFF feels pain.

14. The police officers took PLAINTIFF to an ambulance outside. Once PLAINTIFF was placed in to an ambulance JOHN DOE EMERGENCY MEDICAL TECHNICIAN # 1 and 2, transported PLAINTFF to NORTH CENTRAL BRONX HOSPITAL along with a uniformed POLICE OFFICER. At the hospital, police were everywhere.

15. At no point prior to arriving at the hospital did PLAINTIFF threaten himself or another person. At no point during the entirety of this interaction did PLAINTIFF verbally or physically threaten, intimidate, or frighten another person or himself, nor did he attempt to do any of those actions.

16. Once arriving at the hospital, PLAINTIFF was taken to the Psychiatric Unit on the 13th floor. In that unit, PLAINTIFF was un-uncuffed, but informed that he was not free to leave. Once at the hospital, Plaintiff never engaged in any threatening or dangerous behavior directed at himself or others. Plaintiff was well-groomed, appeared physically healthy, and appropriately clothed. PLAINTIFF was favoring his right foot due to the injury on the staircase in the apartment building.

17. The ambulance took PLAINTIFF to North Central Bronx Hospital. Upon entering the hospital, staff asked PLAINTIFF basic questions that included his name, address and date of

4

birth and recorded the information on a computer. PLAINTIFF answered all questions that were asked. No medical questions were asked of plaintiff. PLAINTIFF was not asked if he was injured. PLAINTIFF was not asked if he was allergic to anything. PLAINTIFF was not asked why he was at the hospital. Another staff member asked PLAINTIFF to remove all his property from his pockets and person and logged the items on a form by hand. PLAINTIFF was then taken to the 13th floor of the hospital. While moving through the hospital PLAINTIFF noticed many armed uniformed police officers. PLAINTIFF realized this was not a regular hospital. Hospital staff told PLAINTIFF to sit in area on the 13th Floor while his room was being prepared. Despite their failure to perform an independent assessment, the JOHN DOE DOCTOR #1 ordered PLAINTIFF forcibly hospitalized. PLAINTIFF was not free to leave.

18. PLAINTIFF saw the doors had code systems on them that employees entered to leave and enter areas.

19. PLAINTIFF was afraid to try and leave, and was involuntarily committed and imprisoned at the hospital. At no point prior to being involuntarily committed did he threaten himself or another person. At no point did PLAINTIFF verbally or physically threaten, intimidate, or frighten another person, nor did he attempt to do any of those actions.

20. PLAINTIFF remained at the hospital from September 10, 2015 until September 16, 2015. PLAINTIFF was forcibly hospitalized for a total of 6 days and a few hours.

21. Not long after arrival, Dr. MARK A. SCHEAR ordered that PLAINTIFF be medicated. Dr. MARK A. SCHEAR did not perform an independent evaluation. No hospital staff performed a medical evaluation of PLAINTIFF. PLAINTIFF did not consent to taking the medication. The medication that was forcibly injected into PLAINTIFF was Risperdal. Despite PLAINTIFF's stated objection to taking the medication, he was held down by JOHN DOE

POLICE OFFICER #14, JOHN DOE NURSE #1 and other hospital staff. A nurse forcibly inserted a needle into PLAINTIFF's arm and pushed a plunger connected to that needle, injecting Risperdal, a medication, into PLAINTIFF's body over PLAINTIFF's objection.

22. Every time PLAINTIFF passed by the attending nurses station, he asked to be released from the hospital. That request was denied. PLAINTIFF passed by the attending nurses station multiple times a day. PLAINTIFF was told that only the in house psychologist was authorized to release him or Dr. MARK A. SCHEAR. PLAINTIFF was not told of any other way to be released from the hospital.

23. While in the hospital, JOHN DOE ORDERLY #1 would regularly tell PLAINTIFF that he had to take pills prescribed by Dr. MARK A. SCHEAR. PLAINTIFF was not given the option to refuse to take the medication, and he was forced to take it. JOHN DOE NURSE # 5 would tell PLAINTIFF that if he did not take the pills she would report it to her supervisor and the supervisor would send the Male and Female Nurses to return and physically force PLAINTIFF to take the pills.

24. On September 16, 2015, PLAINTIFF was released from the hospital to the care of his two sisters Sandra Mejia and Marina Mejia.

25. At no point while PLAINTIFF was at the hospital did he threaten himself or another person. At no point during the entirety of this interaction did PLAINTIFF verbally or physically threaten, intimidate, or frighten another person, nor did he attempt to do any of those actions. At no point did PLAINTIFF threaten or engage in self-harm. PLAINTIFF was always well-groomed and while at the hospital. At no point did Plaintiff consent to being in the hospital.

26. From September 10, 2015 until September 16, 2015. PLAINTIFF was never an imminent danger to himself or others. Even if he was a danger to himself or others, forced

hospitalization would not have been the least restrictive alternative for dealing with PLAINTIFF's condition.

27. The entirety of PLAINTIFFs forced hospitalization, forced medication through needles and pills, and invasive testing (blood draws), lacked any medical or safety justification. PLAINTIFF had never been forcibly hospitalized or voluntarily hospitalized for mental health treatment prior to this occurrence.

28. PLAINTIFF is disabled. PLANTIFF's disability is due to an injury on the job when employed by the New York Transit Authority.

29. PLAINTIFF filed a timely notice of claim with the New York City Comptroller's Office.

### Prayer for Relief

30. Wherefore, Plaintiff prays that the Court grants such relief as may be appropriate including injunctive orders and damages, and cost as follows:

    a. A judgment directing Defendants to make Plaintiff whole for the loss of his property in the amount of _____ dollars.

    b. A judgment directing Defendants to make Plaintiff whole with compensatory damages for mental anguish, loss of dignity, humiliation, harm to reputation, and pain and suffering, emotional trauma, and denial of civil rights in the amount of 100,000,000 dollars.

    c. A judgment awarding Plaintiff punitive damages.

    d. An award of prejudgment interest, costs, and attorneys' fees.

31. Such other relief that the court may deem just and proper.

To: Federal District
500 Pearl Street
Please Intake Office
Room #200 NY, NY 10[0...]

From: Ramont Mejia
3025 Godwin Terrace
#5F Bronx NYC 10463
NY-S

RECEIVED
2017 APR -6 P 5:39
U.S DISTRICT COURT SDNY

USM SDNY
USM SDNY

RECEIVED
SDNY DOCKET UNIT
2017 APR -7 AM 10:29