```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  5/6/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
RAMON I. MEJIA,                                                         :
                                                                        :
                                          Plaintiff,                    :
                                                                        :        16-cv-9706 (LJL)
            -v-                                                         :
                                                                        :        ORDER
NEW YORK CITY HEALTH & HOSPITALS CORP.,                                 :
et al.,                                                                 :
                                                                        :
                                          Defendants.                   :
                                                                        :
------------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

      Defendants have submitted a letter motion requesting extensions of the deadlines for fact discovery until August 31, 2020 and for expert discovery until September 30, 2020. Dkt. Nos. 256, 257. Plaintiff consents to this request.

      In their letter motion, Defendants note that they met with Plaintiff in December 2019 to ascertain the names of his various medical providers in order to provide him with HIPAA compliant releases to obtain his medical records. Plaintiff provided names for some but not all of the relevant medical providers and hospitals. Defendants then sent HIPAA compliant authorization forms to Plaintiff for his signature, with instructions and self-addressed and self-stamped envelopes, as well as blank authorization forms for Plaintiff to complete when or if he obtained the names of his various medical providers. Plaintiff wrote to the Court stating that he was unable to complete those blank authorization forms because he could not gain access to a storage facility where he keeps such medical records and documents. *See* Dkt. No. 248.

      At a status conference with Judge Woods on January 31, 2020, Plaintiff informed the Court that he could not complete the blank HIPAA authorization forms because he had not been

permitted to leave his place of residence, a nursing facility, to obtain the necessary records from the storage facility.  *See* Dkt. No. 255.  After the conference, Judge Woods issued an amended case management plan to extend the deadlines for initial disclosures to be served by February 21, 2020, executed HIPAA authorization forms to be provided to Defendants by February 21, 2020, and interrogatories and requests for production of documents to be served by February 28, 2020.  *See* Dkt. No. 251.  Judge Woods also ordered the completion of depositions by May 7, 2020, fact discovery by June 17, 2020, and expert discovery by August 5, 2020.  *Id.*

In their letter motion, Defendants claim that Plaintiff has not provided his initial disclosures or responded to any of Defendants' discovery requests or demands, including signing the HIPAA authorization forms that already identify medical providers.  Defendants state that they recently had a meet and confer telephone call with Plaintiff in which Plaintiff said he was unable to execute the authorization forms or respond to Defendants' demands for several reasons, including his medical needs and hospitalizations and the fact that he is currently residing with family in Massachusetts yet his paperwork is at his former nursing facility in New York.

This case has been pending since December 2016 and numerous extensions have been granted.  Plaintiff has been previously warned that failure to comply with the Court's orders, including failure to comply with discovery deadlines and failure to appear at conferences, may constitute grounds for the denial of requested relief, dismissal of the action, or such other action as may be just in the circumstances.  *See* Dkt. Nos. 33, 250, 252.  The Court repeats that warning now.

A telephonic status conference is scheduled for June 9, 2020 at 11:00 a.m. to discuss Defendants' letter motion, including how to complete discovery and whether, if discovery cannot be completed, this case should be dismissed.  The parties are directed to dial into the Court's

teleconference number at 888-251-2909, Access Code 2123101, and to follow the necessary prompts.  The discovery deadlines are STAYED until that conference.

Defendants are directed to mail a copy of this Order to Plaintiff in Massachusetts or whichever location Plaintiff currently resides and to file proof of receipt on ECF.  Defendants are further directed to provide the Court with a copy of Plaintiff's mailing address in Massachusetts and current phone number by separate letter filed on ECF.

SO ORDERED.

Dated: May 6, 2020
    New York, New York

LEWIS J. LIMAN
United States District Judge