UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
                                         :

RAMON I. MEJIA,                           :

                      Plaintiff,      :

                                           :             16-cv-9706 (LJL)

      -v-                        :

                                         :              ORDER

NEW YORK CITY HEALTH & HOSPITALS   :
CORPORATION, MARK A. SCHER, CITY OF   :
NEW YORK, POLICE OFFICER MADELINE  :
CRUZ, POLICE OFFICER MILDRED      :
RODRIGUEZ, SERGEANT MICHAEL      :
HENNELLY, DETECTIVE DOMINIC       :
MCDONAGH, and DETECTIVE DEREK    :
MOYER,                              :

                                       :

                      Defendants.   :

                                       :
------------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_12/16/2020___

LEWIS J. LIMAN, United States District Judge:

On December 14, 2020, the Court held a conference in response to Defendants' request for a conference to address the outstanding discovery in this matter, Plaintiff's failure to respond to that discovery, and Defendants' argument that the Plaintiff has failed to prosecute this case. Dkt. No. 268.

There are two sets of Defendants in this case represented by two sets of counsel: (1) the City of New York and numerous named police officers and (2) the New York City Health and Hospitals Corporation and Mark A. Scher.  As set forth in Defendants' letter and as further elaborated at the conference, Plaintiff has failed to respond to interrogatories and document requests for each set of Defendants and has not completed HIPAA forms related to his medical and psychiatric treatment notwithstanding Court orders requiring him to do so.  At the conference, Defendants stated that, if Plaintiff failed to respond to their requests despite repeated

orders compelling him to do so, they would move to dismiss for failure to prosecute.  Plaintiff set

forth the reasons why he had not been able to comply to date with the requests and the Court

orders.

The Court is prepared to give Plaintiff one last chance to respond to the interrogatories,

document requests, and requests for HIPAA releases.  Defendants stated at the conference, on

the record, the specific forms that they need Plaintiff to complete and indicated that they will list

those forms in a letter they will send to Plaintiff.  The Court informed Plaintiff that if he does not

complete these forms, the Court is prepared to dismiss his case for failure to prosecute.  The

Court asked Plaintiff how much time he needed to complete the forms, and the Court gave

Plaintiff the time he requested.

Accordingly, as ordered at the conference, the parties shall abide by the following

schedule:

(1)   Each set of Defendants shall mail by certified mail, return receipt requested, to
Plaintiff at the address he provided at the conference (i) the remaining HIPAA
forms, (ii) requests for documents, and (iii) interrogatories, along with clear
instructions in a cover letter and self-addressed and self-stamped envelopes,
postmarked by December 16, 2020;

(2)   Each set of Defendants shall also file these documents, including the cover letter, on
the docket by December 16, 2020, along with a certificate of service indicating that
they have complied with the requirements set forth in (1) above;

(3)   Defendants shall also mail to Plaintiff by certified mail, return receipt requested, a
copy of the transcript of the December 14, 2020 status conference once available;

(4)   Plaintiff shall complete the remaining HIPAA forms, requests for documents, and
interrogatories for each Defendant's counsel and mail these documents on or before
February 26, 2021.  Plaintiff must complete the documents provided by each set of
Defendants, even if the documents appear to be copies.

(5)   If Plaintiff needs an extension of this deadline, he shall mail a letter to the Court by
February 19, 2021 that sets forth good cause for such an extension.

Plaintiff's failure to complete and mail these documents by February 26, 2021 may result

in dismissal of the entire action for failure to prosecute.

The period for completion of discovery is extended *sine die*, pending Plaintiff's response to the outstanding discovery.

A telephonic status conference is scheduled for March 2, 2021 at 11:00 a.m.  Parties are directed to dial into the Court's teleconference line at 888-251-2909, Access Code 2123101, and follow the necessary prompts.

Defendants are directed to send Plaintiff a copy of this Order.  The Clerk of Court is also directed to mail a copy of this Order to Plaintiff at the following address which he provided at the conference: 46 Westland Street, Methuen, MA 01844.


SO ORDERED.


Dated: December 16, 2020
       New York, New York                    _____
                                                    LEWIS J. LIMAN
                                              United States District Judge

3